The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner W. Bain Jones, Jr., the briefs and oral arguments before the Full Commission. By Order of the Full Commission, the record in this case was reopened for the receipt of additional evidence with respect to the issues of increased risk and causation. No additional evidence was received from the parties and the record was closed. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms and adopts the Opinion and Award of the Deputy Commissioner.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff and defendant-employer at all relevant times.
3. North Carolina Department of Transportation is duly self-insured
4. A Form 22 was submitted from which an average weekly wage may be determined. This form was admitted into evidence as Stipulated Exhibit Seven.
5. Plaintiff's performance management work plan for the period of April 1, 1997 through March 31, 1998 was stipulated into evidence as Stipulated Exhibit One.
6. The decision order from the State Personnel Commission was stipulated into evidence as Stipulated Exhibit Two.
7. The Industrial Commission Form Number 18 was stipulated into evidence as Stipulated Exhibit Three.
8. Employee's statement concerning an incident on March 1, 1996 was stipulated into evidence as Stipulated Exhibit Four.
9. A memorandum concerning directions from Jim Deaton to plaintiff was stipulated into evidence as Stipulated Exhibit Six.
10. Plaintiff's medical records were stipulated into evidence as Stipulated Exhibit Eight.
11. The issues before the Full Commission are: (i) whether plaintiff contracted an occupational disease arising out of or the course of his employment with the defendant/employer; and (ii) if so, what compensation, if any, is due to plaintiff.
 * * * * * * * * * * *
Based upon all of the competent evidence of record, the Full Commission adopts the findings of fact of the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was forty-seven years old, married and had a high school degree. Plaintiff has also had training in the area of electronics.
2. Plaintiff has been a long time employee with the N.C. Department of Transportation. Plaintiff is employed as an electronic technician. Plaintiff works forty hours a week and earns an annual salary of $41,000.00.
3. In 1993, plaintiff had supervisory duties relating to the N.C. Department of Transportation Electronic Center. Plaintiff and other employees were responsible for repairing various electronic equipment used by the N.C. Department of Transportation.
4. Jim Deaton was plaintiff's supervisor and established new procedures relating to how work was accomplished in the center. Plaintiff was very concerned by the extremely informal attitude and did not believe that the work was being accomplished as efficiently as it had been under prior procedures. Plaintiff also believed co-workers were breaking into his office in order to sabotage work. Plaintiff further believed pranks were being played on him.
5. Milton Dean, Jim Deaton's supervisor, verified that Mr. Deaton had established very loose working conditions. Mr. Dean also indicated circumstances had become so bad in the electronic center that some change in management had to be made.
6. On February 1, 1996 plaintiff was removed from his supervisory position in the center. Plaintiff was able to maintain his job classification as electric technician and his salary.
7. Plaintiff was very disturbed by his removal from his supervisory position and believed that individuals within the shop as well as outside harassed him.
8. During these time period's plaintiff continued to perform his job responsibilities as an electric technician at a very good or outstanding level. Plaintiff received an outstanding review during the last appraisal period from April 1, 1997 through March 31, 1998.
9. Plaintiff's alleges that his negative feelings about his work environment and his management became so extreme that he suffered a breakdown on May 19, 1997. Plaintiff presented himself to Holly Hill/Charter for an assessment. Health care providers at Holly Hills/Charter recommended hospitalization. Plaintiff declined and was referred to a psychologist.
10. Plaintiff has received treatment for depression by Charles D. Wallace, M.D. This treatment was to help plaintiff better deal with his work environment.
11. There is insufficient evidence of record from which to determine by its greater weight that plaintiff's employment contributed to or caused him to develop an occupational disease, stress related illness.
12. There is insufficient evidence from which to determine by its greater weight that plaintiff's employment with defendant/employer placed plaintiff in an increased risk of developing stress than members of the general public not so similarly employed.
 * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff's complaints of stress during to the period of 1993 through 1998 did not result from an occupational disease relating to causes and conditions which are characteristic and particular to plaintiff's employment with defendant/employer. N.C. Gen. Stat. § 97-53 (13).
2. Plaintiff has no occupational disease and has failed to prove by the greater weight the evidence that his employment placed him at an increased risk of contracting an occupational disease than the members of the general public not employed. N.C. Gen. Stat. § 97-53 (13).
3. Plaintiff is, therefore, entitled to no compensation with the provision of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-53 (13).
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 O R D E R
1. Under the law, plaintiff's claim must be DENIED.
2. Each side shall bear its own costs.
This 23rd day of February 2000.
 S/ _____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER